Ward Merdes
Merdes Law Office, P.C.
P.O. Box 71309
Fairbanks, AK 99707
907-452-5400 (o) / 907-452-8879 (f)
E-mail: ward@merdes.com
AK Bar No. 8906027

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STEVEN D. MORRISON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA and )<br>CHENEGA INTEGRATED SYSTEMS, LLC, )<br>)<br>Defendants. ) | Civil Action No.<br>4:15-cv-00014-JWS |

**FIRST AMENDED FTCA COMPLAINT FOR DAMAGES**

This pleading follows a 08/28/15 stipulation between all counselors of record substituting defendant "The Chenega Corporation" for "Chenega Integrated Systems, LLC." Plaintiff Steven D. Morrison ("Morrison"), through his attorneys, Merdes Law Office, P.C. alleges against the United States of America (US) and Chenega Integrated Systems, LLC ("Chenega") as follows:

PARTIES AND JURISDICTION

1. Morrison is a resident of Alaska and all facts of consequence to his injuries occurred in and about Fairbanks, Alaska;

2. Chenega Integrated Systems, LLC is an Alaskan corporation, Chenega and its subsidiaries and/or parent corporation(s), purposefully avail themselves of Alaskan commerce, and is subject to this Court's personal and subject matter jurisdiction;

3. This Court has Jurisdiction pursuant to 28 U.S.C. § 1346(b). The US Government accepts this Court's personal and subject matter jurisdiction pursuant to the 1948 Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*;

4. Venue is proper pursuant to 28 U.S.C. § 1391 *et seq.*;

5. Plaintiff timely filed a Form 95 with the US Government. [**Ex. 1**: 01/17/14 Form 95]. On 02/26/15, the US Government denied this claim. [Ex. 2: 02/26/15 Bradford Hunt Letter]. This matter is thus ripe for adjudication by this Court pursuant to 28 U.S.C. § 2675(a);

6. All conditions incident to Morrison's right to bring and maintain this action have occurred or been waived by the party to whom the benefit of such condition flows;

## FACTS PLEAD WITH PARTICULARITY

7. On or about 01/20/12, Morrison was a commercial delivery driver for Pacific Alaska Freightways, Inc., attempting a commercial delivery to Eielson Air Force Base (Eielson), near Fairbanks, Alaska;

8. Morrison drove his load from Fairbanks to Eielson and at the direction of Eielson Military Police (MP)/security Morrison parked his vehicle at Eielson's front gate, in the designated inspection tent area;

*Morrison v. US et al.*
First Amended FTCA Complaint For Damages
Page -2-
Case 4:15-cv-00014-SLG   Document 17   Filed 08/31/15   Page 2 of 7

9. Morrison exited his vehicle and handed his paperwork to the MP, as instructed;

10. While directly returning to his vehicle as instructed, Morrison fell upon an unreasonably icy and unmaintained walking surface, injuring (and aggravating prior injuries to) his right knee;

11. On or about 01/20/12 immediately before his fall, Morrison had reasonably parked his delivery vehicle precisely where he was supposed to park it according to one or both Defendant's instruction;

12. At all times up to and including the moment of his 01/20/12 fall, Morrison was walking precisely where he was *instructed* to walk;

13. At all times up to and including the moment of his 01/20/12 fall, Morrison was walking precisely where he was *expected* to walk;

14. At all times up to and including the moment of his 01/20/12 fall, Morrison was walking in the only area he *could* walk;

15. At all times up to and including the moment of his 01/20/12 fall, Morrison was following all rules, regulations, and instructions related to his actions at the inspection tent near Eielson's front gate;

16. On 02/26/15, the US alleged Chenega was an independent contractor. The US alleges Chenega was "primarily responsible for ensuring the safety of the personnel in the inspection tent on 20 January, 2012." [**Ex. 2**];

*Morrison v. US et al.*
First Amended FTCA Complaint For Damages
Page -3-
Case 4:15-cv-00014-SLG   Document 17   Filed 08/31/15   Page 3 of 7

17. After the 01/20/12 fall, Morrison has undergone three (3) related knee surgeries, resulting in medical bills of $227K+. [**Ex. 3**: ER 1006 Medical Billing Summary with billing records];

18. **Ex. 3** is accurate and admissible;

19. On 11/12/14, board certified orthopedic surgeon Richard Cobden, MD opined Morrison now suffers a 6% whole person impairment rating and will require a full right knee replacement [**Ex. 4**: 11/12/14 Dr. Cobden Report] costing more than $72,462.00 [**Ex. 5**: Banner Health - Total Knee Replacement Cost Estimate] not including physical therapy or other related treatment:

> Then, going to table 16-10, page 530, this would translate to a whole person impairment of 6%. This impairment rating is consistent with Dr. Keller's findings, and as indicated above, is taken from the latest edition of the AMA Guides.
> He will definitely need to be followed conservatively and will perhaps have to have a total knee replacement in the future but the timing of that is not yet determined.
>
> His current symptoms, findings and surgical procedures are to be considered directly related to sequelae of the January 20, 2012 fall at the Eielson AFB gait.

**Ex. 4**;

20. All medical *treatment* records provided to the US in support of Morrison's 01/17/14 Form 95 are Authentic and subject to one or more Hearsay exception(s);

21. All medical *treatment* records in addition to those provided to the US in support of Morrison's 01/17/14 Form 95 are Authentic and subject to one or more Hearsay exception(s);

22. All medical *billing* records provided to the US in support of Morrison's 01/17/14 Form 95 are Authentic and subject to one or more Hearsay exception(s);

*Morrison v. US et al.*
First Amended FTCA Complaint For Damages
Page -4-
Case 4:15-cv-00014-SLG   Document 17   Filed 08/31/15   Page 4 of 7

23. All medical *billing* records in addition to those provided to the US in support of Morrison's 01/17/14 Form 95 are Authentic and subject to one or more Hearsay exception(s);

24. Treatment provided to Steven D. Morrison by health care providers has at all times been *within the standard of care* for injuries complained of after this 01/20/12 incident;

25. Treatment provided to Steven D. Morrison by health care providers has at all times been *reasonable* for injuries complained of after this 01/20/12 incident;

26. Treatment provided to Steven D. Morrison by health care providers has at all times been *necessary* for injuries complained of after this 01/20/12 incident;

27. No person or entity not presently identified in the caption of this matter is responsible for any damages sought by Morrison under AS 09.17.080 or otherwise;

## CAUSES OF ACTION

28. [Negligence] On or about 01/20/12, the US Government and/or Chenega negligently designed, constructed and/or maintained the Eielson front gate walk areas about which persons such as Morrison were expected to walk, being a substantial factor in Morrison's losses and necessitating imposition of judgment for related damages;

29. [Negligence *Per Se*] On or about 01/20/12 the US Government and/or Chenega violated rules, regulations, codes and/or statutes designed to protect persons such as Morrison from the type of harm he suffered herein and there is no excuse for such violations;

*Morrison v. US et al.*
First Amended FTCA Complaint For Damages
Page -5-
Case 4:15-cv-00014-SLG   Document 17   Filed 08/31/15   Page 5 of 7

30. [Land Owner Liability] Upon information and belief, on or about 01/20/12 the US Government owned the property upon which the injuries giving rise to Morrison's claims occurred. The US Government's acts or omissions were a substantial factor in causing Morrison's damages by failing to maintain the subject property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the risks, and the level of burden to avoid such risks;

## DAMAGES

31. Morrison's knee injury has resulted in AS 09.17.010 past and future permanent impairment, including without limit economic and non-economic losses embracing pain, suffering, inconvenience, physical impairment, disfigurement, loss of enjoyment of life, loss of consortium, and other non-pecuniary damage;

32. [AS 09.17.010(c)] As a direct and proximate result of the conduct complained of herein, Morrison suffered "severe permanent physical impairment or severe disfigurement" within the meaning of AS 09.17.010(c);

33. As a direct and proximate result of the conduct complained of herein, existing conditions were aggravated. The burden of proof for such aggravation should be carried by the US and/or Chenega pursuant to *LaMoureaux v. Totem Ocean Trailer Exp., Inc.*, 632 P.2d 539 (Alaska 1981); and *Tolan v. ERA Helicopters, Inc.*, 699 P. 2d 1265 (Alaska 1985);

34. Morrison has to the extent required by law mitigated his damages;

*Morrison v. US et al.*
First Amended FTCA Complaint For Damages
Page -6-
Case 4:15-cv-00014-SLG   Document 17   Filed 08/31/15   Page 6 of 7

WHEREFORE Morrison prays for judgment against the US Government and/or Chenega for his general and special damages, including without limit, past and future: (1) medical bills; (2) lost wages; and (3) pain, suffering, inconvenience and disability, along with such cost and fees as the Court deems just.

DATED this 31st day of August, 2015.

                                            MERDES LAW OFFICE, P.C.
                                            Attorney For Steven Morrison, Plaintiff

                                            **/s/**
             By:               Ward Merdes, ABN 8906027

On 08/31/15 copy of the forgoing
was served via the Court's ECRF system on:

Kim Colbo, Esq.
% Guess & Rudd, P.C.
510 L St. #700
Anchorage, AK 99501

E. Bryan Wilson, Asst. U.S. Atty
Federal Building & U.S. Courthouse
222 West Seventh Ave., #9, Rm. 253
Anchorage, AK 99513-7567

**/s/**
Ward Merdes, ABN 8906027